**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Erica Davis, <br><br>　　　　Plaintiff, <br><br>v. <br><br>Equifax information Services, LLC, and <br><br>Ocwen Loan Servicing, LLC <br><br>　　　　Defendant. | Case No.: <br><br><br>**COMPLAINT<br>WITH JURY TRIAL DEMAND** |

**PRELIMINARY STATEMENT**

1. This action for damages is based on Defendants' false reporting on Plaintiff's consumer reports, failures to follow reasonable procedures, and failures to conduct reasonable investigations with respect to such information.

**PARTIES**

2. Plaintiff, Erica Davis, is natural person who resides in Cobb County, Georgia and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3. Defendant Equifax information Services, LLC (hereinafter "Equifax") is a credit bureau doing business in Georgia and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

4. Defendant, Ocwen Loan Servicing, LLC (hereinafter "Ocwen") does business in Georgia and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

6. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7. On November 21, 2011, Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 11-83388. Plaintiff received a discharge of her debts by Order of that Court dated February 27, 2015.

8. Among the debts discharged was a debt owing to Ocwen.

9. The alleged debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or about May 7, 2015, Plaintiff obtained a copy of her consumer report as published by Equifax.

11. That report contained erroneous information as provided by Ocwen and published and reported by Equifax. Specifically, the Defendants incorrectly reported the

"Date of First Delinquency", and reported that Plaintiff owed a past due amount of seventeen thousand nine dollars ($17,009.00) and a balance of twenty one thousand one hundred fifty one dollars ($21,151.00), despite that debt having been discharged in Plaintiff's bankruptcy.

12. The information described above was both false and misleading.

13. Defendant Ocwen's reporting of the debt to one or more credit bureaus was an attempt to collect the debt.

14. Plaintiff disputed the false and misleading information via a letter, dated May 26, 2015, mailed to both Equifax, per the requirements of 15 U.S.C. § 1681i, and directly to Ocwen.

15. Upon information and belief, Defendant Equifax timely notified Defendant Ocwen of the Plaintiff's dispute in accordance with 11 U.S.C. § 1681i.

16. In a document dated June 2, 2015, Defendant Equifax advised Plaintiff that it had researched Plaintiff's dispute and that the item was being reported correctly. Defendant Equifax provided a copy of the tradeline as reported that reproduced errors identified by the Plaintiff in her original dispute letter. A true and correct copy of the relevant page of this document is attached as "Exhibit A."

17. There is no indication in the tradeline of the "verified" report that the Plaintiff has disputed the information reported and published by Defendants.

18. Equifax was required to communicate the specifics of Plaintiff's dispute to Defendant Ocwen. Likewise, Defendant Ocwen hads a duty to investigate the dispute and accurately report its findings to Defendant Equifax.

19. Ocwen is responsible for following reasonable procedures to assure maximum possible accuracy whenever they furnish information for use in consumer reports.

20. Equifax is responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports.

21. Each Defendant had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the trade-line information notwithstanding the information it received from a co-defendant.

22. Each and both of the Defendants, independently and jointly, breached their duties as described above.

23. Due to Defendants' respective failures to follow reasonable procedures to assure maximum possible accuracy and to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's consumer reports was not appropriately deleted or modified.

24. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation, suppression of her credit score, out-of-pocket expenses, detriment to her credit rating and emotional distress.

## **TRIAL BY JURY**

25. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### (Equifax)

26. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

27. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

28. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

29. As a result of Defendant Equifax's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation suppression of her credit score, out-of-pocket expenses, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

30. Defendant Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

31. Plaintiff is entitled to recover costs and attorney's fees from Defendant Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b)
(Ocwen)

32. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

33. Defendant Ocwen willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

34. As a result of Ocwen's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to suppression of her credit score, credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

35. Ocwen's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

36. Plaintiff is entitled to recover costs and attorney's fees from Defendant Ocwen pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)
(Ocwen)

37. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

38. Defendant Ocwen's foregoing actions and omissions in connection with its attempts to collect the alleged debt violated numerous and multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

39. As a result of Ocwen's violations of the FDCPA, Plaintiff has suffered actual damages not limited to suppression of her credit score, out-of-pocket expenses, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

40. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant Ocwen $1,000 in statutory damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

    d.) Statutory damages against Defendant Ocwen pursuant to 15 U.S.C. § 1692k;

    e.) Reasonable attorney's fees and costs against Defendant Ocwen pursuant to 15 U.S.C. § 1692k; and

    f.) Such other and further relief as may be just and proper.

Respectfully submitted this 11 day of July, 2015.

                                          */s/ Matthew T. Berry*
                                          Plaintiff's Attorney
                                          Matthew T. Berry, Bar No.: 055663
                                          Berry & Associates
                                          2751 Buford Highway, Suite 400
                                          Atlanta, GA 30324
                                          Ph. (404) 235-3334
                                          Fax (404) 235-3333
                                          matt@mattberry.com